# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| OTIS MCALLISTER, | ) |
|     Plaintiff, | ) ) ) |
| v. | )    No. 4:13-CV-2146-CEJ |
| STEVEN E. HOLTSHOUSER, et al., | ) ) ) |
|     Defendants. | ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court on the motion of Otis McAllister (registration no. 31649-044) for leave to commence this action without payment of the required filing fee [Doc. #2]. For the reasons stated below, the Court will grant plaintiff in forma pauperis status and assess an initial partial filing fee of $2.61. In addition, the Court will dismiss this action as to all defendants under 28 U.S.C. § 1915(e)(2)(B).

### **28 U.S.C. § 1915(b)(1)**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the

average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly deposit of $8.17, and an average monthly balance of $13.07. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $2.61, which is 20 percent of plaintiff's average monthly balance.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950-51 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Id.* at 1949. Second, the Court must determine whether the complaint states a plausible claim for relief. *Id.* at 1950-51. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950. The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." *Id.* The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." *Id.* at 1951. When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's proffered conclusion is the most plausible or whether it is more likely that no misconduct occurred. *Id.* at 1950, 1951-52.

**The Complaint**

Plaintiff, an inmate at the Oklahoma City Federal Transfer Center, seeks monetary relief in this action brought pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). Named as defendants are

Assistant United States Attorneys Steven E. Holtshouser and Christian Stevens ( and Federal Bureau of Investigation special agents Michael Christian , Brian Yingling, and Larry Skora. As more fully set forth below, plaintiff alleges that defendants violated his Fifth, Eighth, and Fourteenth Amendment rights by divulging "the fact that [he] had previously proffered information concerning a murder, bank robbery, and other crimes." Plaintiff is suing defendants in their individual capacities.

## Discussion

Plaintiff alleges that in October 2011 he assisted a fellow inmate, Andre Worthy, by providing him "with a copy of [plaintiff's] 302 that illustrated prosecutorial misconduct on AUSA Holtshouser's behalf and had consequence on inmate Worthy's conviction." Plaintiff further alleges that Worthy "incorporated this said 302 within a motion requesting permission to file a successive habeas [action][1] based on newly discovered evidence and Mr. Holtshouser's malfeasance." Plaintiff claims that approximately one month later, and in retaliation for plaintiff's attempt to assist Worthy, Holtshouser filed a "totally irrelevant and immaterial" brief in response to Worthy's motion for permission to file a successive habeas claim. Plaintiff asserts that in this brief, Holtshouser "unnecessarily divulg[ed] . . . for no

---

[1]*See Worthy v. U.S.*, Case No. 11-2797-EMSL (8th Cir. 2011). The Court takes judicial notice of this case and the documents filed therein.

plausible reason other than malice and to inflict punishment" the "highly sensitive fact" that plaintiff had previously proffered information in strict confidence concerning a murder, bank robbery, and "other crimes." Plaintiff alleges that Worthy subsequently became hostile towards him and, based on Holtshouser's disclosure, "disseminated the news throughout the prison that [plaintiff] was a 'snitch.'" According to plaintiff, Holtshouser "accomplished his desired effect of placing [plaintiff] in danger of being assaulted, maimed or killed . . . as a result of his unnecessary and malicious disclosure." Plaintiff claims that prison officials verified the existence of a substantial threat to petitioner's safety and placed him in "protective custody - isolated confinement - indefinitely." Plaintiff states that Holtshouser "unnecessarily created an environment with a high potential for violence and endangered plaintiff's safety."

A prosecutor is immune from personal liability from actions related to the performance of his public duties, including presenting evidence before a grand jury, obtaining of criminal complaints and warrants, prosecuting a case, and other actions undertaken as an advocate for the government. *Burns v. Reed*, 500 U.S. 478, 485–86 (1991); *Imbler v. Pachtman,* 424 U.S. 409, 420–23 (1976). Because plaintiff's allegations are directed at actions allegedly taken by an Assistant United States Attorney as an advocate for the government in the context of replying to Worthy's

successive habeas corpus application, defendant Holtshouser is entitled to absolute immunity. *See Bruce v. Wade*, 537 F.2d 850, 852 (5th Cir. 1976) (prosecutor has absolute immunity for presentation of evidence at post-sentencing federal habeas corpus proceedings). Plaintiff's claims will, therefore, be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

Plaintiff's remaining claims concern the alleged "collaboration" of defendants Holtshouser, Stevens, Christian, Yingling, and Skora on November 4, 2011, "to endanger plaintiff's safety," in violation of his constitutional rights. Plaintiff asserts that, at some unspecified time prior to November 4, he wrote a letter to the "AUSA's office in the Eastern District of Missouri" in which he "conveyed the idea of setting up two individuals for a bank robbery." Plaintiff believes that the letter "was passed on to the appropriate authorities." In addition, plaintiff asserts that on November 3, 2011, he confidentially contacted the FBI from prison and provided agents with "credible information" relative to a bank robbery that led to the arrest of three men. Plaintiff claims that the three FBI special agents, defendants Christian, Yingling, and Skora, disclosed in an affidavit both plaintiff's name and his cooperation efforts that led to the arrests. Plaintiff further claims that, with a reckless disregard for his safety, defendants Holtshouser and Stevens "collaborated with, was privy to, managed and/or influenced the named defendants which segued into the malicious and deliberate

indifference filing of the affidavit in open court disclosing [plaintiff's] legal name [and] detailing [his] role in the arrests." Plaintiff claims that as a consequence of Holtshouser's and Stevens' filing of the affidavit, "the mass media, i.e., T.V., radio, newspapers, and the internet highly publicized [his] cooperation and whereabouts." Plaintiff complains that he was "deprived of the right of choice to testify in court regarding the information he provided before the information was made public."

Plaintiff does not identify the case in which this affidavit allegedly was filed; however, he appears to be referencing a federal bank robbery trial involving three men who were arrested based on information he supplied to the FBI. Assuming these facts to be true, the Court will dismiss plaintiff's "collaboration claims" against all defendants on the ground of absolute immunity. Plaintiff does not allege that defendants disclosed his involvement directly to the media, but rather, that they filed an affidavit in court, which the press subsequently obtained and publicized.[2] The government's filing of an affidavit in a criminal case constitutes an activity "intimately associated with the judicial phase of the criminal process," *Imbler*, 424 U.S. at 430, and thus, absolute immunity is warranted. This immunity extends not

---

[2]"Comments to the media have no functional tie to the judicial process just because they are made by a prosecutor." *Buckley v. Fitzsimmons*, 509 U.S. 259, 277 (1993) (denying absolute immunity to a prosecutor for statements made during his press conference).

only to the Assistant United States Attorneys, but to the FBI special agents, as well. *Cf. Daloia v. Rose*, 849 F.2d 74, 75-76 (2d Cir. 1988) (FBI agents entitled to absolute immunity for testimony at pretrial suppression hearing); *Collis v. U.S.*, 498 F.Supp.2d 764, 771 (D.Md. 2007) (FBI agent entitled to absolute immunity as government witness testifying before grand jury). For these reasons, this action will be dismissed as legally frivolous and for failure to state a claim or cause of action against any of the named defendants.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **granted**.

**IT IS FURTHER ORDERED** that plaintiff shall pay an initial filing fee of $2.61 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue, because the complaint is legally frivolous and fails to state a claim upon which relief can be granted. *See* 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [Doc. #4] is **denied as moot**.

A separate dismissal order will be filed.

Dated this 10th day of March, 2014.

                              _____
                              UNITED STATES DISTRICT JUDGE